IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  2:11-cv-261 |
| v. | § § | **JURY TRIAL DEMANDED** |
| | § | |
| LFP VIDEO GROUP, LLC; METRO-GOLDWYN-MAYER INC.; SUMMIT ENTERTAINMENT, LLC; ELEGANT ANGEL, INC.; NEW SENSATIONS, INC., d/b/a VOUYER MEDIA, INC.; GIRLFRIENDS FILMS, INC.; WORLD WIDE RED LIGHT DISTRICT; ZERO TOLERANCE ENTERTAINMENT, INC.; JULES JORDAN VIDEO, INC.; ANABOLIC VIDEO PRODUCTIONS INC.; WEST COAST PRODUCTIONS, INC.; MEDIA PRODUCTS, INC., d/b/a DEVIL'S FILM; RK NETMEDIA, INC.; IMAGE ENTERTAINMENT, INC.; ECHO BRIDGE ENTERTAINMENT, LLC; LOOSE CANNON FILMS, INC.; and VANGUARD INTERNATIONAL CINEMA, INC., | § § § § § § § § § § § § § § § § § | |
| Defendants. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff InMotion Imagery Technologies, LLC ("InMotion") by and through its undersigned counsel, file this Original Complaint against LFP Video Group, LLC; Metro-Goldwyn-Mayer Inc.; Summit Entertainment, LLC; Elegant Angel, Inc.; New Sensations, Inc., d/b/a Vouyer Media, Inc.; Girlfriends Films, Inc.; World Wide Red Light District; Zero Tolerance Entertainment, Inc.; Jules Jordan Video, Inc.; Anabolic Video Productions Inc.; West Coast Productions, Inc.; Media Products, Inc., d/b/a Devil's Film; RK Netmedia, Inc.; Image

Entertainment, Inc.; Echo Bridge Entertainment, LLC; Loose Cannon Films, Inc.; and Vanguard International Cinema, Inc., as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System" (the "'219 patent"; a copy of which is attached as Exhibit A). InMotion is the assignee of the '219 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175, Marshall, Texas 75670.  InMotion is the assignee of all title and interest of the '219 patent. Plaintiff possesses the entire right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant LFP Video Group, LLC ("LFP") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 8484 Wilshire Blvd, Suite 900, Beverly Hills, CA 90211.

4. Upon information and belief, Defendant Metro-Goldwyn-Mayer Inc. ("MGM") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 10250 Constellation Blvd., Los Angeles, CA 90067.

5. Upon information and belief, Defendant Summit Entertainment, LLC ("Summit") is a corporation organized and existing under the laws of the state of Delaware, with its

principal place of business located at 1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024.

6. Upon information and belief, Defendant Elegant Angel, Inc. ("Elegant Angel") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 8015 Deering Avenue, Canoga Park, CA 91304.

7. Upon information and belief, Defendant New Sensations, Inc. ("New Sensations") d/b/a Vouyer Media, Inc. is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 21345 Lassen Street, Chatsworth, CA 91311.

8. Upon information and belief, Defendant Girlfriends Films, Inc. ("Girlfriends Films") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 16944 Escalon Drive, Encino, CA 91436.

9. Upon information and belief, Defendant World Wide Red Light District ("World Wide") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 20339 Nordhoff Street, Chatsworth CA 91311.

10. Upon information and belief, Defendant Zero Tolerance Entertainment, Inc. ("Zero Tolerance") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 3500 W Olive Ave, Suite 1190, Burbank, CA 91505.

11. Upon information and belief, Defendant Jules Jordan Video, Inc. ("Jules Jordan") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 19860 Nordhoff PL, Chatsworth, CA 913113.

12. Upon information and belief, Defendant Anabolic Video Productions Inc. ("Anabolic Video") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9223 Eton Avenue, Chatsworth, CA 91311.

13. Upon information and belief, Defendant West Coast Productions, Inc. ("West Coast Productions") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 10040 Remmet Avenue, Chatsworth, California 91311.

14. Upon information and belief, Defendant Media Products, Inc. d/b/a Devil's Film ("Devil's Film") is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 21541 Blythe Street, Canoga Park, CA 91304.

15. Upon information and belief, Defendant RK Netmedia, Inc. ("RK Netmedia") is a corporation organized and existing under the laws of the state of Florida, with its principal place of business located at 705 Washington Avenue, 3rd Floor, Miami Beach, FL 33139.

16. Upon information and belief, Defendant Image Entertainment, Inc. ("Image Entertainment") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 20525 Nordhoff Street, Suite 200, Chatsworth, CA 91311.

17. Upon information and belief, Defendant Echo Bridge Entertainment, LLC ("Echo Bridge") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 30 Washington Street, Wellesley Hills, MA 02481.

18. Upon information and belief, Defendant Loose Cannon Films, Inc. ("Loose Cannon") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 15030 Ventura Blvd, Suite 19, Sherman Oaks, CA 91403.

19. Upon information and belief, Defendant Vanguard International Cinema, Inc. ("Vanguard") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 7050 Village Drive, Suite A, Buena Park, CA 90621.

## JURISDICTION AND VENUE

20. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 13331 and 1338(a).

21. The Court has personal jurisdiction over each Defendant because each Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's cause of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

22. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive

web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

23.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

24.     United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on February 25, 2003 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '219 patent and possesses all rights of recovery under the '219 patent including the right to sue for infringement and recover past damages.

25.     Upon information and belief, LFP has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, LFP has also contributed to the infringement

of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

26. Upon information and belief, MGM has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, MGM has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

27. Upon information and belief, Summit has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Summit has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

28. Upon information and belief, Elegant Angel has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Elegant Angel has also

contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

29.     Upon information and belief, New Sensations has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.  Upon information and belief, New Sensations has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

30.     Upon information and belief, Girlfriends Films has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.  Upon information and belief, Girlfriends Films has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

31.     Upon information and belief, World Wide has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window

displays motion imagery. Upon information and belief, World Wide has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

32. Upon information and belief, Zero Tolerance has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Zero Tolerance has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

33. Upon information and belief, Jules Jordan has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Jules Jordan has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

34. Upon information and belief, Anabolic Video has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United

States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Anabolic Video has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

35. Upon information and belief, West Coast Productions has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, West Coast Productions has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

36. Upon information and belief, Devil's Film has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Devil's Film has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

37. Upon information and belief, RK Netmedia has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and

selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.  Upon information and belief, RK Netmedia has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

38. Upon information and belief, Image Entertainment has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.  Upon information and belief, Image Entertainment has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

39. Upon information and belief, Echo Bridge has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.  Upon information and belief, Echo Bridge has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

40. Upon information and belief, Loose Cannon has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Loose Cannon has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

41. Upon information and belief, Vanguard has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery. Upon information and belief, Vanguard has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

42. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

43. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

44. Defendants' infringement of Plaintiff's exclusive rights under the '219 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

45. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELEIF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '219 patent has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '219 patent;

E.  That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F.  Any further relief that this Court deem just and proper.

Dated: May 19, 2011

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
**THE DAVIS FIRM P.C.**
111 W. Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
E-mail: bdavis@bdavisfirm.com